1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KINNICK B. SANFORD, JR., | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C07-1304-JCC-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH QUINN, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently confined at the Monroe Correctional Complex in Monroe, Washington. He seeks relief under 28 U.S.C. § 2254 from the sentence imposed following his conviction in King County Superior Court on charges of second degree robbery and first degree escape. Respondent has filed an answer to petitioner's federal habeas petition in which he argues that the petition is time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). Petitioner has filed a response to respondent's answer. This Court, having reviewed petitioner's petition, respondent's answer, petitioner's response thereto, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed as untimely.

## PROCEDURAL HISTORY

On September 30, 1998, petitioner was found guilty, following a jury trial, on one count of robbery in the second degree and one count of escape in the first degree. (*See* Dkt. No. 11, Ex. 1

REPORT AND RECOMMENDATION
PAGE - 1

1   at 1.)  At his sentencing hearing on February 22, 1999, petitioner was found to be a persistent

2   offender and was sentenced to a term of life in prison without the possibility of parole.  (Dkt. No.

3   11, Ex. 1 and Dkt. No. 13, Appendix 1 at 35-37.)

4        Petitioner appealed his judgment and sentence to the Washington Court of Appeals.  (Dkt.

5   No. 11, Ex. 2.)  On July 17, 2000, the Court of Appeals affirmed petitioner's judgment and

6   sentence.  (*Id.*, Ex. 3.)  Petitioner petitioned for review by the Washington Supreme Court and, on

7   November 21, 2001, the Supreme Court affirmed the Court of Appeals in a published opinion.

8   (*Id.*, Ex. 4.)  Petitioner thereafter petitioned for a writ of certiorari.  (*See id.*, Ex. 5.)  The United

9   States Supreme Court denied the petition on April 29, 2002.  (*Id.*)

10       On February 10, 2005, petitioner signed a motion to vacate his judgment and sentence

11   which he filed in the King County Superior Court.  (*Id.*, Ex. 6.)  Petitioner's motion was transferred

12   to the Washington Court of Appeals for consideration as a personal restraint petition, and the

13   petition was dismissed on October 11, 2005.  (*Id.*, Ex. 7.)  Petitioner next moved for discretionary

14   review in the Washington Supreme Court.  (*Id.*, Ex. 8.)  The Supreme Court Commissioner denied

15   review on November 30, 2005.  (*Id.*, Ex. 9.)  Petitioner moved to modify the commissioner's

16   ruling, but the Supreme Court denied that motion on January, 31, 2006.  (*Id.*, Exs. 10 and 11.)

17       On June 6, 2006, petitioner filed a second personal restraint petition.  (*Id.*, Ex. 12.)  The

18   Washington Court of Appeals dismissed the petition as both successive and untimely.  (*Id.*, Ex. 13.)

19   Petitioner moved for discretionary review in the Washington Supreme Court.  (*Id.*, Ex. 14.)  The

20   Supreme Court Commissioner denied review on March 19, 2007.  (*Id.*, Ex. 15.)  Petitioner moved

21   to modify the commissioner's ruling, but the Supreme Court denied that motion on June 6, 2007.

22   (*Id.*, Exs. 16 and 17.)

23       Petitioner now seeks federal habeas review of his judgment and sentence.  Petitioner signed

24   his federal habeas petition on August 10, 2007, and the petition was filed in this Court on August

25   21, 2007.  (*See* Dkt. No. 1.)

26

REPORT AND RECOMMENDATION
PAGE - 2

GROUNDS FOR RELIEF

Petitioner identifies the following three grounds for relief in his federal habeas petition:

GROUND ONE:  Petitioner's sentence violates Due Process where the State did not prove comparability of a prior conviction by a preponderance of the evidence.

GROUND TWO:  Petitioner's sentence violates the 6th Amendment where factual finding were used to sentence[ ] petitioner above the statutory maximum.

GROUND THREE:  Ineffective Assistance of Counsel where counsel did not challenge the comparability of the prior out-of-state convictions used at sentencing.

(Dkt. No. 1 at 5, 6, and 8.)

DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief.  One of those changes was to adopt a one year statute of limitations for § 2254 actions.  *See* 28 U.S.C. § 2244(d)(1) (1996). The one year limitations period starts to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).

In this case, direct review concluded on April 29, 2002, the day the United States Supreme Court denied petitioner's petition for writ of certiorari.  *See* RCW 10.73.090(3)(c).  Petitioner therefore had until April 29, 2003, to file his federal habeas petition.  28 U.S.C. § 2244(d)(1)(A). The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2).  Petitioner did file two collateral state challenges to his judgment and sentence.  However, he did not file either of those challenges until well after the statute of limitations had already expired.  Petitioner's personal restraint proceedings in the state courts therefore did not act to toll the statue of limitations.  *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

REPORT AND RECOMMENDATION
PAGE - 3

1     The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d

2  919, 922 (9th Cir. 2003). However, the Ninth Circuit has made clear that equitable tolling is

3  available "only when extraordinary circumstances beyond a prisoner's control make it impossible to

4  file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id*.

5  (internal quotation and citation omitted). Petitioner asserts in his response to respondent's answer

6  that he is entitled to equitable tolling of the federal statute of limitations because he diligently

7  pursued his claims in the state courts and the highest state court failed to reach the merits thereby

8  standing in the way of petitioner obtaining relief.

9     The record reflects that petitioner's federal habeas claims were presented to the state courts

10  for the first time, if at all, in his motion to vacate sentence. As noted above, petitioner did not file

11  his motion to vacate sentence until well after the federal statute of limitations had already expired.

12  Petitioner offers no evidence that he was somehow precluded from pursuing his claims in the state

13  courts at an earlier date. Petitioner therefore fails to establish that he is entitled to equitable tolling.

14     As noted above, petitioner did not sign his federal habeas petition until August 10, 2007,

15  over four years after the statute of limitations expired on April 29, 2003. Because petitioner filed

16  his petition outside of the § 2254 statute of limitations period, and because petitioner has not

17  demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his

18  petition is time-barred. This Court therefore recommends that petitioner's federal habeas petition

19  be dismissed, with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this

20  Report and Recommendation.

21     DATED this 30th day of January, 2008.

22

23  *James P. Donohue*

24  JAMES P. DONOHUE
    United States Magistrate Judge

25

26

REPORT AND RECOMMENDATION
PAGE - 4