UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KINNICK B. SANFORD, JR.,

    Petitioner,

  v.

KENNETH QUINN,

    Respondent.

CASE NO. C07-1304-JCC

ORDER

This matter comes before the Court on Kinnick B. Sanford Jr.'s 28 U.S.C. § 2254 Petition for writ of habeas corpus (Dkt. No. 1), Magistrate Judge James P. Donohue's Report and Recommendation ("R&R") (Dkt. No. 16), and Petitioner's Objections thereto (Dkt. No. 17). The Court has reviewed Petitioner's Objections and the record in this matter and, for the reasons stated herein, ADOPTS the R&R and DISMISSES Petitioner's federal habeas petition.

**I.  BACKGROUND**

On January 30, 2008, Judge Donohue issued an R&R recommending that Petitioner's habeas petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Dkt. No. 16.) As explained in that R&R, one of the effects of the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), was to establish a one-year statute

ORDER – 1

of limitations for habeas corpus petitions by state court prisoners. As is relevant here, the limitations period begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1).

Judge Donohue found, and this Court agrees, that because Petitioner failed to sign his federal habeas petition until more than four years after the statute of limitations expired on April 29, 2003, his Petition is time-barred, unless he is entitled to equitable tolling. (R&R (Dkt. No. 16 at 4).) In his Objections, Petitioner argues that any procedural defaults should be excused, either based on "the 'Actual Innocence exception,'" (Pet.'s Obj. 2–3 (Dkt. No. 17)), or because his counsel was ineffective. (*Id.* at 3–7.)

## II.   ANALYSIS

Petitioner first argues that his late filing should be excused based on the "Actual Innocence exception"; in support, he cites an opinion from the Fifth Circuit that was vacated by the U.S. Supreme Court. *See Haley v. Cockrell*, 306 F.3d 257, 267 (5th Cir. 2002), *vacated and remanded by Dretke v. Haley*, 541 U.S. 386 (2004). In the Ninth Circuit,

> a petitioner's otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice. In order to . . . have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

*Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir. 2002) (alteration in original) (internal quotation marks and citations omitted).

Petitioner has failed to make the requisite showing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Instead, he merely presents argument that the sentencing court erroneously considered his previous conviction under California law for assault with a firearm to be a "most serious felony." (Pet.'s Obj. 3 (Dkt. No. 17).) This argument

ORDER – 2

misses the mark and will not save Petitioner from the procedural bar.

Petitioner further argues that, because his trial counsel failed "to challenge the California assault as being one constituting a most serious felony under Washington law," he should be excused from his procedural default. (*Id.* at 4.) While it is true that, under certain circumstances, an attorney's performance can be "so inadequate that it violate[s] the defendant's Sixth Amendment right to effective assistance of counsel . . . [and amounts] to 'cause' sufficient to overcome a 'procedural default,'" *Edwards v. Carpenter*, 529 U.S. 446, 456 (2000) (Breyer, J., concurring) (quoting *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)), there must be some nexus between the attorney's behavior and the procedural rule that would otherwise bar the claim. Here, Petitioner offers no evidence that he was somehow precluded from pursuing his claims at an earlier date, *because of* his counsel's alleged ineffective assistance.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the R&R and DISMISSES Petitioner's habeas petition, as time-barred, with prejudice.

SO ORDERED this 24th day of March, 2008.

John C. Coughenour
United States District Judge

ORDER – 3